### Mary Hanson, Appellee, v. Julius Nolting et al., Appellants.

### Gen. No. 5,795.    (Not to be reported in full.)

Appeal from the City Court of Elgin; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Action by Mary Hanson against Julius Nolting and others to recover damages for personal injuries sustained by plaintiff alleged to have been caused by the negligence of the defendant in having woven wire on the sidewalk, over which plaintiff tripped and fell. From a judgment in favor of plaintiff for five hundred dollars, defendant appeals.

FRANK W. SHEPHERD and ERNEST C. LUTHER, for appellants.

BOTSFORD & MCCARTHY, for appellee; R. S. EGAN, of counsel.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 917*—*reasonableness of use of sidewalk, question of fact.* Whether or not the use which an abutting owner puts a sidewalk is reasonable with reference to the public is a question of fact.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

2. MUNICIPAL CORPORATIONS, § 917*—*when temporary obstruction not justified.* Temporary obstruction of a street is not justified by the necessities of the person who obstructs the street when such obstruction is not reasonable with reference to the public.

3. MUNICIPAL CORPORATLONS, § 1062*—*when pedestrian not negligent in failing to see obstruction on sidewalk.* Evidence *held* sufficient to sustain finding of jury that plaintiff was not guilty of contributory negligence in failing to see an obstruction on the sidewalk, over which she fell and was injured.

4. APPEAL AND ERROR, § 608*—*what essential to preserve objection for excessive verdict.* Objection that verdict is excessive is waived when not included in motion for a new trial or motion in arrest of judgment.